UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW MEIGS, individually and
on behalf of all others similarly
situated,

      Plaintiff,

v.                                      Case No. 8:04-civ-335-T-24 MSS
                                                  8:04-civ-817-T-24 MSS
QUALITY DISTRIBUTION, INC.                 **consolidated cases**
ET AL.,

      Defendants.
_____

SONDRA COCHRAN, individually and
on behalf of all others similarly
situated,

      Plaintiff,

v.

QUALITY DISTRIBUTION, INC.
ET AL.,

      Defendants.
_____/

## **ORDER**

This cause comes before the Court on Jemmco Investment Management LLC's ("Jemmco") Motion for Appointment as **Lead Plaintiff** and Approval of its Choice of Lead Counsel (Doc. No. 18) and Sondra Cochran's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Doc. No. 15). Jemmco and Cochran have filed responses and replies. (Doc. No. 24, 25, 26, 28, 30).

## I. Background

On November 7, 2003, Defendant Quality Distribution filed a prospectus in connection with their IPO. Plaintiffs contend that the prospectus was materially misleading, because it contained materially overstated financial results, and the financial statements were not prepared in accordance with Generally Accepted Accounting Principles. Additionally, insurance law violations were discovered at one of Quality Distribution's subsidiaries, Power Purchasing Inc., causing Quality Distribution to restate its financial statements.

Plaintiffs purchased Quality Distribution's common stock between November 7, 2003 and February 2, 2004. Plaintiffs assert the following two claims in their complaint: (1) violations of Section 11 of the Securities Act, and (2) violations of Section 15 of the Securities Act.

Cochran and Jemmco have both moved to be appointed lead plaintiff in this case. Cochran is an individual who lost over $6,000 in connection with her purchase of Quality Distribution stock during the class period. Jemmco is a large institutional investor that has lost over $200,000 in connection with its purchase of Quality Distribution stock during the class period.

## II. Procedure for Appointing a Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA") establishes the procedure for appointing a lead plaintiff in class actions arising under the Securities Act. The plaintiff who files the initial action must publish notice to the class within twenty days after filing the complaint, informing the class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA provides a rebuttable presumption that the most adequate person to serve as lead plaintiff is the person or group of people that: (1) has filed

the complaint or made a motion to be appointed lead plaintiff; (2) the court determines has the largest financial interest in the relief sought by the class; and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof that the presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

### III. Appointment of Lead Plaintiff

Cochran and Jemmco have both moved to be appointed lead plaintiff in this case. Jemmco and Cochran do not dispute that each satisfies two of the three requirements of the rebuttable presumption–that they both (1) have timely filed a motion for appointment as lead plaintiff, and (2) satisfy the requirements of Rule 23. The Court finds that both Jemmco and Cochran meet these two requirements.

Jemmco, however, argues that Cochran should not be appointed lead plaintiff, because Cochran does not have the largest financial interest in the relief sought by the class. Cochran argues that Jemmco should not be appointed lead plaintiff, because (1) Jemmco has not properly documented its losses, and (2) Jemmco will not adequately protect the interests of the class, because Cochran is the only movant to have purchased shares directly in the IPO, and therefore, she is the only movant to have standing to pursue a claim under § 12(a)(2). Alternatively, Cochran argues that both she and Jemmco should be appointed as lead plaintiffs. Accordingly, the Court will address each argument.

#### A. Largest Financial Interest

The first requirement that must be satisfied in order to raise the presumption that the

3

person or entity is the most adequate plaintiff is that the person or entity must have the largest financial interest in the relief sought by the class. Cochran lost over $6,000 in connection with her purchase of Quality Distribution stock during the class period, while Jemmco claims to have lost over $200,000. Therefore, it appears that Jemmco has the largest financial interest at stake.

### B. Documentation of Losses

Cochran contends, however, that Jemmco has not properly documented its losses, and therefore, Jemmco cannot be considered the person or entity with the largest financial interest at stake. A person or entity seeking to serve as lead plaintiff must file a sworn certification that "sets forth all of the transactions of the [person or entity] in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 77z-1(a)(2)(A)(iv). Initially, Jemmco did not file a sworn certification. Instead, Jemmco's investment manager, Jemmco Capital, filed a sworn certification. (Doc. No. 20, Ex. A). Jemmco has since cured this defect and has filed a sworn certification setting forth all of its transactions in Quality Distribution that is the subject of this action. (Doc. No. 30). As such, the Court rejects Cochran's argument on this issue.

### C. Standing to Pursue a Claim under § 12(a)(2)

Next, Cochran argues that Jemmco should not be appointed lead plaintiff, because Jemmco does not have standing to pursue a claim under § 12(a)(2), since Jemmco did not purchase its stock in the IPO. Therefore, Cochran argues that Jemmco cannot fairly and adequately protect the interests of the class members that did purchase stock in the IPO. Jemmco cites In re Initial Public Offering Securities Litigation, 214 F.R.D. 117 (S.D.N.Y. 2002), and responds that its does not have to have standing to pursue all claims in order to be appointed lead

plaintiff.

The Court finds In re Initial Public Offering Securities Litigation persuasive. In that case, the court "conclude[d] that in order for a claim to be asserted on behalf of a putative class, only the named plaintiffs--but not necessarily the lead plaintiff--must have standing." Id. at 122. The court further explained:

> [T]he fact that the lead plaintiff is to be selected in accordance with objective criteria that have nothing to do with the nature of the claims . . . strongly suggests the need for named plaintiffs in addition to any lead plaintiff. Courts are constrained to choose a lead plaintiff who has, among other things, the largest financial stake in the outcome of the case. It stands to reason that in many cases, . . . the plaintiff with the largest financial interest may not have standing to sue on all causes of action. There is nothing to suggest that, in those cases, Congress intended that plaintiffs must file an entirely separate class action lawsuit when, in any other context, a subclass would suffice.

Id. at 123. Accordingly, the Court rejects Cochran's argument on this issue.

### D. Dual Lead Plaintiffs

Next, Cochran argues that if the Court does not appoint her as the sole lead plaintiff, the Court should at least appoint her as co-lead plaintiff. Cochran argues that having one lead plaintiff that is an individual private investor and one lead plaintiff that is an institutional investor will provide a broader range of representation of shareholder interests. Jemmco responds that dual representation is unneccessary, and the Court agrees. See In re Milestone Scientific Securities Litigation, 183 F.R.D. 404, 417 (D. N.J. 1998)(stating that diverse representation is not a sufficient reason to justify the appointment of multiple lead plaintiffs).

Additionally, the Court notes that large, institutional investors are the type of investor envisioned by Congress to serve as lead plaintiff. The explanatory report accompanying the PSLRA's enactment states:

5

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief sought is the "most adequate plaintiff." The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.

1995 U.S.C.C.A.N. 730, 733. Accordingly, the Court finds that Jemmco, alone, should be appointed lead plaintiff.

## IV. Lead Counsel

The PSLRA vests the authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court has determined that Jemmco should be appointed as lead plaintiff, and Jemmco has selected Bernstein Liebhard & Lifshitz, LLP as lead counsel, with Barker Rodems & Cook, P.A. as liaison counsel for all plaintiffs. The Court approves of Jemmco's selection.

## V. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Jemmco's Motion for Appointment as Lead Plaintiff and Approval of its Choice of Lead Counsel (Doc. No. 18) is **GRANTED**;

(2) Sondra Cochran's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Doc. No. 15) is **DENIED**;

(3) Jemmco Investment Management LLC is hereby appointed as lead plaintiff to represent the interests of the class in this consolidated action;

(4) The Court approves of Jemmco's selection of Bernstein Liebhard & Lifshitz, LLP as lead counsel, with Barker Rodems & Cook, P.A. as liaison counsel for all

plaintiffs.

(5) Plaintiffs are directed to file an amended complaint no later than 60 days after the date of this Order.

(6) Defendants are directed to file a response to the amended complaint no later than 60 days after the amended complaint is filed.

(7) If a motion to dismiss is filed, Plaintiffs are directed to file a response to such motion no later than 30 days after such motion is filed.

(8) All pre-trial procedures and obligations, including those set forth under Federal Rules of Civil Procedure 16 and 26(a) and (f) and Local Rule 3.05 are stayed until the Court rules on any motion to dismiss. If any motion to dismiss is denied in whole or in part, Plaintiffs and Defendants may commence discovery as of the date the motion to dismiss is denied.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of June, 2004.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

Notice sent to:

  ___  Paul J. Geller, Esq.
Geller Rudman, PLLC
197 S. Federal Hwy., Suite 200
Boca Raton, FL 33432

8:04-cv-00335   rm

  ___  Jonathan M. Stein, Esq.
Geller Rudman, PLLC
197 S. Federal Hwy., Suite 200
Boca Raton, FL 33432

8:04-cv-00335   rm

  ___  Jack E. Reise, Esq.
Geller Rudman, PLLC
197 S. Federal Hwy., Suite 200
Boca Raton, FL 33432

8:04-cv-00335   rm

  ___  Samuel H. Rudman, Esq.
Geller Rudman, PLLC
200 Broadhollow Rd., Suite 406
Melville, NY 11747

8:04-cv-00335   rm

  ___  David A. Rosenfeld, Esq.
Geller Rudman, PLLC
200 Broadhollow Rd., Suite 406
Melville, NY 11747

8:04-cv-00335   rm

  ___  Mario Alba Jr., Esq.
Geller Rudman, PLLC
200 Broadhollow Rd., Suite 406
Melville, NY 11747

8:04-cv-00335   rm

  ___  Marc A. Topaz, Esq.
Schiffrin & Barroway, LLC
Three Bala Plaza E., Suite 400
Bala Cynwyd, PA 19004

8:04-cv-00335   rm

  ___  Christian R. Bartholomew, Esq.

Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131-2339

8:04-cv-00335    rm

Sean W. Firley, Esq.
Morgan, Lewis & Bockius LLP
5300 Wachovia Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131-2339

8:04-cv-00335    rm

Morris Weinberg Jr., Esq.
Zuckerman Spaeder L.L.P.
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602

8:04-cv-00335    rm

Simon Alexander Gaugush, Esq.
Zuckerman Spaeder L.L.P.
101 E. Kennedy Blvd., Suite 1200
Tampa, FL 33602

8:04-cv-00335    rm

Bradley J. Butwin, Esq.
O'Melveny & Meyers LLP
7 Times Square
New York, NY 10036

8:04-cv-00335    rm

Evan Smith, Esq.
Brodsky & Smith, L.L.C.
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004

8:04-cv-00335    rm

Chris A. Barker, Esq.
Barker, Rodems & Cook, P.A.
300 W. Platt St., Suite 150
Tampa, FL 33606

8:04-cv-00335    rm

Sandy Liebhard, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 E. 40th St., 22nd Floor
New York, NY 10016

8:04-cv-00335    rm

Joseph R. Seidman Jr., Esq.
Bernstein Liebhard & Lifshitz, LLP
10 E. 40th St., 22nd Floor

New York NY 10016
8:04-cv-00335   rm