**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---

ANDREW MEIGS, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                                                                   **Case No.: 8:04-cv-335-T-24-MSS**
                                                                                **8:04-cv-817-T-24-MSS**
QUALITY DISTRIBUTION, INC., THOMAS L.    **Consolidated Cases**
FINKBINER and SAMUEL M. HENSLEY,

    Defendants.

---

**PRELIMINARY APPROVAL ORDER**

        WHEREAS, a consolidated class action is pending before this Court entitled *Andrew Meigs v. Quality Distribution, Inc., Thomas L. Finkbiner and Samuel Hensley*, Civil Action No. 8:04cv335 (SCB) (the "Action");

        WHEREAS, Lead Plaintiff Jemmco Investment Management, LLC ("Lead Plaintiff"), having made application, under Fed. R. Civ. P. 23(e), for an order approving this Action's settlement in accordance with the Stipulation and Agreement of Settlement dated as of May 16, 2005 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for the Action's proposed settlement and for the Action's dismissal with prejudice upon the terms and conditions set forth therein (the "Settlement"); and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

        WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby certifies, under Federal Rule of Civil Procedure 23, for the sole purpose of effectuating the Settlement, a Class defined as all persons who purchased or otherwise acquired Quality Distribution, Inc.'s ("QDI") common stock between November 6, 2003 through and including January 18, 2005, and were damaged thereby. Excluded from the Class are the Defendants, members of each Defendant's immediate family (parents, spouses, siblings, and children), and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, administrators, successors in interest or assigns of any such excluded party. Also excluded from the Class will be any putative Class member who or which properly requests exclusion from the Class by mailing a written request to the Claims Administrator stating (i) his, her or its name, address and telephone number; (ii) all purchases and sales of QDI common stock during the Class Period, including the dates of purchase or sale, the number of shares purchased or sold and the price paid or received per share; and (iii) that he, she or it wishes to be excluded from the Class. If the Settlement is terminated or fails to become effective for any reason, the parties shall revert to their litigation positions as of January 18, 2005, and the Class certification shall be rescinded.

2. The Court does hereby preliminarily approve the Stipulation and the Settlement terms set forth therein, subject to further consideration at the Settlement Hearing described below.

3. A hearing shall be held before this Court on **Friday, September 23, 2005 at 9:00 a.m.** before the Honorable Susan C. Bucklew, United States District Judge, in Courtroom 14 A of the Sam M. Gibbons United States Courthouse, located at 801 North Florida Avenue, Tampa, Florida 33602 (the "Settlement Hearing") to determine (i) whether the Action's proposed Settlement on the terms and conditions provided in the Stipulation is fair, just, reasonable and adequate to the Class and should be approved by the Court; (ii) whether the Class should be certified solely for settlement purposes under Fed. R. Civ. P. 23; (iii) whether an Order and Final Judgment as provided in paragraph 27 of the Stipulation should be entered in the Action; (iv) whether the proposed Plan of Allocation should be approved; and (v) to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Class members.

4. The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and Summary Notice, annexed, respectively, as Exhibits A-1, A-2 and A-3 to the Stipulation and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Lead Counsel is hereby authorized to retain The Garden City Group, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than ten (10) days from the date of this Order (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2, respectively, to be mailed by first class mail to all Class members who can be identified with reasonable effort;

(b) Not later than fourteen (14) days from the date of this Order, Lead Counsel shall cause the Publication (Summary Notice in para. 4) Notice to be published once in the national edition of The Wall Street Journal; and

(c) At least five (5) days before the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased QDI common stock during the Class Period beneficially owned by another person or entity shall send the Notice and the Proof of Claim to such persons or entities within ten (10) days after receipt thereof, or send a list of the names and addresses of such persons or entities to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such persons or entities.

7. All Class members shall be bound by all determinations, judgments and releases in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

8. Class members who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms ("Proofs of Claim") in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days after the Settlement Hearing. Any Class member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

9. Any Class member may enter an appearance in the Action at his, her or its own expense, individually or through counsel of the Class member's own choice. Any Class member who does not enter an appearance will be represented by Lead Counsel.

10. Pending final Settlement approval, neither the Lead Plaintiff, Plaintiffs, nor any Class member, either directly, derivatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any or all of the Released Claims against any or all of the Released Parties.

11. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion"), postmarked no later than fourteen (14) days before the Settlement Hearing. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of QDI common stock shares made during the Class Period, including the dates, the number of shares, price paid per share for each purchase, and the price received per share for each sale; and (3) that the Person

wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

12. Any member of the Class may appear and show cause, if he, she or it has any reason why (i) the proposed Settlement of the Action should or should not be approved as fair, just, reasonable and adequate, (ii) an Order and Final Judgment should or should not be entered thereon, (iii) the Plan of Allocation should or should not be approved, or (iv) attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment approving the Settlement, the Order approving the Plan of Allocation, or the application for the attorneys' fees and expenses award, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs so that they are received fourteen (14) days before the Settlement Hearing by Bernstein Liebhard & Lifshitz, LLP, Attn.: Francis P. Karam, 10 East 40th Street, 22nd Floor, New York, New York, 10016, Telephone (212) 779-1414, with the original of said objections, papers and briefs simultaneously filed with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division.  Any Class member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in

the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

13. The passage of title and ownership of the Settlement Fund to the escrow agent in accordance with the terms and obligations of the Stipulation is approved. No person or entity that is not a Class member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

14. All funds held by the Escrow Agent shall be deemed and considered to be in the Court's legal custody, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed under the Stipulation and/or further Court Order(s).

15. All papers supporting the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's attorneys' fees and expenses application shall be filed with the Court and served seven (7) days before the Settlement Hearing.

16. Neither the Released Parties nor the Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

18. Within three (3) business days of this Order, QDI shall provide or cause to be provided to Lead Counsel its shareholder lists as appropriate for providing notice to the Class. All reasonable expenses incurred in identifying and notifying Class members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. If the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly expended in connection with the Notice of the Settlement.

19. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, documents, discussions or proceedings connected with it, shall be construed as, or as evidence of, an admission, presumption or concession by the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind; or as an admission, presumption or concession by Lead Plaintiff of the lack of merit of any of the allegations in the Action.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of June, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record