UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ANDREW MEIGS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY DISTRIBUTION, INC., THOMAS L. FINKBINER and SAMUEL M. HENSLEY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) **CIVIL ACTION NO. 8:04cv335 (SCB)** <br> ) **and 8:04cv817-T-24 (MSS)** <br> ) **Consolidated cases** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing under this Court's Order (Doc. No. 58) on the parties' application for preliminary approval of the settlement, set forth in the Stipulation and Agreement of Settlement (the "Stipulation") (Doc. No. 55). Due and adequate notice having been given to the Class as required in said Order, and the Court having conducted a hearing on September 23, 2005 and considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates the Stipulation's definitions by reference, and all terms used herein shall have the meanings set forth in the Stipulation.

2.  This Court has jurisdiction over the Action's subject matter and over all parties to the Action, including all Class members.

3.  Under Federal Rule of Civil Procedure 23, and for the sole purpose of settlement, this Court has certified a Class of all persons who purchased or otherwise acquired QDI common stock between November 6, 2003 through and including January 18, 2005, and were damaged thereby. Excluded from the Class are the Defendants, members of each Defendant's immediate family (parents, spouses, siblings, and children), and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of them, and the legal representatives, heirs, administrators, successors in interest or assigns of any such excluded party. Also excluded from the Class are the Class members who have properly requested exclusion, as set forth in Exhibit 1 hereto.

4.  With respect to the Class, and for the sole purpose of the Settlement, this Court finds and concludes that: (a) the Class members are so numerous that joinder of all Class members in the class action is impracticable; (b) there are legal and factual questions common to the Class that predominate over any individual question; (c) the Lead Plaintiff's claims are typical of the Class's claims; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the Class members' interests; and (e) a class action is superior to other available methods for the controversy's fair and efficient adjudication, considering: (i) the Class members' interests in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the class action's management. The Court, therefore, certifies the Class under Rule 23 for the sole purpose of effectuating the Settlement.

5. The Court finds the Settlement set forth in the Stipulation is, in all respects, fair, just, reasonable and adequate to the Class and, therefore, finally approves the Settlement under Fed. R. Civ. P. 23.

6. Except for any individual claims of putative Class members who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Action and all its claims, as well as all Released Claims, are dismissed with prejudice. The Parties shall bear their own costs, except as otherwise provided in the Stipulation.

7. The Court finds that the Stipulation, Settlement, and Plan of Allocation are fair, just, reasonable and adequate to each and all Parties, and the Stipulation and Settlement are hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

8. On the Effective Date, Plaintiffs and each Class member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Class member executes and delivers the Proof of Claim and Release.

9. All Class members are hereby forever barred and enjoined from prosecuting any and all Released Claims against any and all Released Parties.

10. On the Effective Date, each and all Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Defense Claims against the Class members and Plaintiffs' Counsel; provided, however, that nothing herein shall release the parties from their obligations under the Stipulation.

11. The Notice of Pendency and Settlement of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice")

given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class members who could be identified through reasonable effort, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

12. Any Plan of Allocation submitted by Lead Counsel shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. The Stipulation and Settlement, and any act performed or document executed under or in furtherance of the Stipulation or the Settlement or any negotiation, discussion or proceedings in connection with the Stipulation or the Settlement:

    a. shall not be offered or received against any or all Defendants for any reason including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any or all Defendants;

    b. shall not be offered or received against any or all Defendants as evidence of, or construed as or deemed evidence of, a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any or all Defendants, or against Lead Plaintiff and the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

    c. shall not be offered or received against any or all Defendants as evidence of, or construed as or deemed evidence of, a presumption, concession or admission with respect

to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal or administrative action or proceeding (including, but not limited to, any formal or informal investigation or inquiry by the SEC, state insurance authorities, or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to effectuate the Stipulation's provisions; provided, however, that Defendants may refer to the Stipulation to effectuate the liability protection granted them hereunder;

      d.    shall not be offered, received, or construed against any or all Defendants as an admission or concession that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial;

      e.    shall not be offered, construed or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.  Defendants may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in support of a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; and

      f.    shall not be offered, construed or received in evidence as an admission, concession or presumption against the Defendants that class certification would be proper for any purpose other than this Settlement.

    14.    Without affecting this Judgment's finality in any way, this Court hereby retains continuing jurisdiction over:  (a) this Settlement's implementation and any  award or distribution

of the Settlement Fund, including interest earned thereon; (b) the Settlement Fund's disposition; and (c) all Parties for the purpose of construing, enforcing and administering the Stipulation.

15.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

16.     If the Settlement does not become effective in accordance with the Stipulation, then (i) this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, (ii) the parties shall immediately revert to their litigation positions as of January 18, 2005, and (iii) the Court's Class certification shall be rescinded.

17.     The Court finds, under Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Order and Final Judgment constitutes this Action's final adjudication on the merits and should be entered without delay.  Accordingly, the Clerk is directed to enter this Judgment forthwith.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of October, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record

## ORDER AND FINAL JUDGMENT

EXHIBIT 1

July 26, 2005

Quality Distribution Securities Litigation Exclusions
c/o The Garden City Group, Inc.

I am requesting to be excluded from the
Class action # 8:04cv335 (ScB).

1. Melvin J. Lynch & Kathleen L. Lynch
   505 Hawthorn Ln
   Hoffman Estates, IL 60195

   phone: (847) 882-1573

   [Stamp: THE GARDEN CITY GROUP, INC. AUG 1 2005]

2. Date of Purchase | no. of shares of QDI Common Stock | Purchase Price
   11-12-'04 | 1,000 | $7.11 / still holding

   Melvin Lynch
   Kathleen Lynch

Mr & Mrs Melvin Lynch
505 Hawthorne Ln
Hoffman Estates, IL 60195



Quality Distribution Securities Litigation
Exclusions
c/o The Garden City Group, Inc.
Claims Administrator
P.O Box 9000 #6303
Merrick, New York 11566-9000

7/26/05



Artorius Management, LLC
237 Park Avenue, Suite 800
New York, NY 10017
212-808-7371

September 5, 2005

In regards to Civil Class Action No 8 04cv335(SCB)
8 04cv817-T-24(MSS) Consolidated Cases
Artorius Trading

Quality Distribution Securities Litigation
EXCLUSIONS
c/o The Garden City Group
Claims Administrator
PO Box 9000 #6303
Merrick, New York 11566-9000

Dear Sirs

Please be advised that Artorius Trading wishes to be excluded from the referenced class action A schedule of transactions we wish to exclude from this class action is attached

Respectfully,

Mike Sullivan
Chief Administrative Officer

Custom Report  Page 1 of 1

## Query Results - Transactions

| Account | Symbol | Cusip/Sedol | Description | Trade Date | Trans Code | Quantity | Price (Base) | Commission (Base) | SEC Fees (Local) | Other Fees (Local) | Total Amount (Base) | Broker |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 48382366 | QLTY | 74756M102 | QUALITY DISTRIBUTION INC | 11/07/2003 | BY | 21,000 | 19.8462 | 262.50 | 0.00 | 0.00 | -417,032.49 | ABNA |
| 48382366 | QLTY | 74756M102 | QUALITY DISTRIBUTION INC | 11/07/2003 | SL | -14,500 | 18.7090 | 181.25 | 12.70 | 0.00 | 271,083.12 | ABNA |
| 48382366 | QLTY | 74756M102 | QUALITY DISTRIBUTION INC | 11/07/2003 | BY | 1,000 | 17.0000 | 714.00 | 0.00 | 15.00 | -17,015.00 | PERS |
| 48382366 | QLTY | 74756M102 | QUALITY DISTRIBUTION INC | 11/07/2003 | BY | 15,000 | 19.7179 | 900.00 | 0.00 | 15.00 | -296,883.50 | PERS |
| 48382366 | QLTY | 74756M102 | QUALITY DISTRIBUTION INC | 11/10/2003 | SL | -15,500 | 18.0303 | 193.75 | 13.08 | 0.00 | 279,263.13 | ABNA |
| 48382366 | QLTY | 74756M102 | QUALITY DISTRIBUTION INC | 11/11/2003 | SL | -7,000 | 17.4657 | 87.50 | 5.73 | 0.00 | 122,168.74 | ABNA |
| | | | | | | | | 2,339.00 | | | -58,215.00 | |

This statement is not an official statement of UBS. UBS makes no warranty concerning its accuracy or completeness. The information contained herein may be supplied by the portfolio manager and is not verified for accuracy or endorsed in any way by UBS or any of its affiliates. Prices may not have been received from an independent pricing source.

Artonus Management, LLC
237 Park Avenue, Suite 800
New York, NY 10017



Quality Distribution Securities Litigation
 EXCLUSIONS
c/o The Garden City Group
Claims Administrator
PO Box 9000 #6303
Merrick, New York 11566-9000