UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ANDREW MEIGS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY DISTRIBUTION, INC., THOMAS L. FINKBINER and SAMUEL M. HENSLEY, <br><br> Defendants. | ) <br> ) <br> ) **CIVIL ACTION NO. 8:04cv335 (SCB)** <br> ) **and 8:04cv817-T-24 (MSS)** <br> ) **Consolidated cases** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER AWARDING LEAD
PLAINTIFF'S COUNSEL FEES, COSTS, AND EXPENSES**

This matter came before the Court for hearing pursuant to the Order of this Court (Doc. No. 58) on the application of the parties for preliminary approval of the settlement, set forth in the Stipulation of Settlement (the "Stipulation") (Doc. No. 55). On September 23, 2005, the Court held a hearing on the petition of Lead Plaintiff's Counsel for (a) an award of attorneys' fees plus any interest on such attorneys' fees at the same rate and for the same periods as earned by the Settlement Fund (until paid); plus (b) reimbursement of actual costs and expenses, including the fees, costs and expenses of any experts or consultants, incurred in connection with prosecuting the Action.  Due and adequate notice complying with Federal Rule of Civil Procedure 23 and the requirements of due process having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3. The attorneys fees requested in the Memorandum In Support Of Lead Plaintiff's Counsel's Motion For Award Of Attorneys' Fees And Reimbursement Of Expenses are reasonable under the applicable factors set forth in *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).

4. The contingent nature of the litigation and the risks of litigation support approval of the petition for attorneys' fees. Prosecution of this litigation was undertaken by Lead Counsel on a contingent basis, with no assurance that there would be any recovery.

5. Lead Counsel expended $135,942.69 in costs and expenses in connection with the prosecution of this Action. The costs and expenses incurred by Lead Counsel were reasonably necessary for the successful prosecution of the Action.

6. Therefore, the Lead Counsel's petition for the award of attorneys' fees and the reimbursement of expenses is approved. Lead Counsel is hereby awarded (a) attorneys' fees in the amount of 30% of the Settlement Fund, plus interest on such amounts in proportion to the interest earned on the Settlement Fund, and (b) reimbursement of their costs and expenses in the amount of $135,942.69. Such amounts are reasonable and appropriate under the circumstances of this case. Payment is to be made from the Settlement Fund pursuant to the terms of the Stipulation and this Order.

7. The attorneys' fees, costs and expenses, including the fees, costs and expenses of experts and consultants, as awarded in the preceding paragraph, shall be paid from the

Settlement Fund, as ordered, immediately after the entry of this Order awarding such fees, costs and expenses, pursuant to the terms of the Stipulation. In the event that, after payment to Lead Counsel, the attorneys' fees, costs and expenses award is reduced or reversed for any reason, including, without limitation, appeal, then Lead Counsel shall make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings, the fee or cost award is reduced or reversed.

8. Lead Counsel is granted leave to file a supplemental petition(s) for costs and expenses incurred in connection with the notice and administration of the Settlement.

9. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over hearing and determining applications for additional attorneys' fees, costs, interest and reimbursement of expenses in the Action.

10. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

11. There is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and the Clerk is hereby directed to enter judgment in accordance with this Order.

12. Without in any way affecting the finality of this Order Awarding Plaintiffs' Counsel's Fees, Costs and Expenses, this Court shall retain continuing jurisdiction over the

Action and the parties to the Settlement to enter any future orders as may be necessary for the purposes of effectuating the Settlement and enforcing the Final Judgment.

  **DONE AND ORDERED** at Tampa, Florida, this 3rd day of October, 2005.

Copies to:
Counsel of Record

        SUSAN C. BUCKLEW
        United States District Judge